*Kelsey v. Kessel*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:  SARAH A. L. MERRIAM,
  MARIA ARAÚJO KAHN,
  *Circuit Judges*,
  RACHEL P. KOVNER,
  *District Judge*.[*]

_____

MICHAEL N. KELSEY,

  *Plaintiff-Appellant*,

  v.  24-1105

BRITTNEY KESSEL, individually and in her official capacity as Dutchess County Attorney,

  *Defendant-Appellee*,

JOHN GARRITO, Individually and in his

---

[*] Judge Rachel P. Kovner of the United States District Court for the Eastern District of New York, sitting by designation.

Official Capacity as Town Justice District of
the Town of Beekman,

        *Defendant.*

_____

FOR PLAINTIFF-APPELLANT:        Michael N. Kelsey, *pro se*, Salt Point, NY.

FOR DEFENDANT-APPELLEE:        Kimberly Hunt Lee, Sokoloff Stern, LLP, Poughkeepsie, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION,** the March 8, 2024, judgment of the District Court is **AFFIRMED**, as modified.

Plaintiff-appellant Michael Kelsey, a disbarred attorney proceeding without counsel, appeals from the District Court's dismissal of his Second Amended Complaint. Kelsey brought this action against Brittney Kessel, an assistant district attorney, under 42 U.S.C. §1983, alleging that she violated his First Amendment rights by prosecuting him for violating an order of protection ("OOP") when he served legal papers by mail on the subject of the order.[1] He sought declaratory and injunctive relief, barring future prosecutions against him for similar conduct. The District Court granted Kessel's motion

_____

[1] Kelsey originally brought claims against Kessel in both her individual and official capacities. The District Court "dismisse[d] Plaintiff's §1983 claim brought against Kessel in her individual capacity as frivolous and under the doctrine of prosecutorial immunity." *Kelsey v. Kessel*, No. 7:22CV03774(PMH), ECF No. 21 at 4 (S.D.N.Y. Aug. 15, 2022). Kelsey does not appeal that dismissal.

to dismiss, concluding that the court lacked subject matter jurisdiction because sovereign immunity barred the claims against Kessel in her official capacity and that the exception to sovereign immunity under *Ex parte Young,* 209 U.S. 123 (1908), did not apply. *See Kelsey v. Kessel*, No. 7:22CV03774(PMH), 2024 WL 1020522 (S.D.N.Y. Mar. 8, 2024). On appeal, Kelsey contends that the *Ex parte Young* exception applies. We assume the parties' familiarity with the factual background, the procedural history, and the issues on appeal.

"We review a district court's legal conclusion" as to whether state officials are immune from suit under the Eleventh Amendment, including whether the *Ex parte Young* exception to sovereign immunity applies, *de novo*. *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019) (per curiam) (citation omitted). Sovereign immunity generally bars suit against a state official sued in her official capacity unless Congress has abrogated that immunity or the state has consented to suit. *See In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). But under the *Ex parte Young* exception, a complaint may proceed if it "(1) alleges an ongoing violation of federal law and (2) seeks relief properly characterized as prospective." *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022) (quotation marks and citation omitted).

A defense of sovereign immunity implicates the court's subject matter jurisdiction; we therefore apply the standards of Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). A facial challenge to subject matter jurisdiction "is based solely on the pleadings – that is, the allegations of the complaint and any exhibits attached to it." *Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024) (citation omitted). "It is beyond dispute that a party seeking to invoke the jurisdiction of a federal court bears the burden of establishing it." *Jok v. City of*

3

*Burlington*, 96 F.4th 291, 293 (2d Cir. 2024). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable" exception to that immunity. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). A complaint must be dismissed unless it clearly demonstrates each required element – here, each element of the *Ex parte Young* exception – by plausible and nonconclusory factual allegations. *See Lugo*, 114 F.4th at 87.

The District Court determined that Kelsey did not adequately allege an "ongoing" violation of federal law because he did not adequately allege that he would be subject to prosecution for future violations of the OOP. Accordingly, the District Court concluded that Kelsey's claims against Kessel were barred by the Eleventh Amendment.[2]

On *de novo* review, we agree that Kelsey has not adequately alleged an ongoing violation of federal law. The operative complaint alleges in a purely conclusory fashion that Kelsey's "rights have been affected . . . by threat of future prosecution" and that he "continues to be emotionally injured by the threat of looming criminal proceedings and threat of such future incarceration of penalties." Supp. App'x at 8, 9. But he does not allege that he plans to engage in actions in the future that will trigger enforcement of the OOP. The closest the operative complaint gets to a sufficient allegation is Kelsey's claim that "he remains subject to unconstitutional continued threat of arrest and prosecution should he attempt to litigate legitimate claims against or mail legal documents to protected

---

[2] We need not reach the District Court's alternative finding that *Ex parte Young* did not apply because Kessel sought solely retrospective relief.

4

persons." *Id.* at 21. But even that allegation is purely conditional and speculative; it raises the specter of enforcement "should" Kelsey attempt to bring a civil suit against the party protected by the OOP. It does not allege that he intends to do so.[3]

In his appellate brief, Kelsey argues that he "is still engaged in *three* active cases where the opposing party is named in the 2016 Order of Protection." Appellant's Br. at 22. But even if true, that allegation does not appear in the operative complaint, and a party may not amend or supplement his pleadings through mere argument in an appellate brief. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Furthermore, Kelsey acknowledges that the charges against him for previously violating the OOP by sending legal materials related to an ongoing civil case were dismissed, suggesting that he might not in fact be prosecuted in the future even if he *did* engage in the same conduct. *See* Appellant's Br. at 22.

In sum, the operative Second Amended Complaint does not adequately allege, in a non-conclusory manner, that Kelsey plans to engage in conduct in the future that could trigger enforcement of the OOP against him in the manner that he contends violates his First Amendment rights – that is, by preventing him from serving legal papers on a party

---

[3] A search of the New York Supreme Court civil case database reveals no pending civil matters in which Michael N. Kelsey is the named plaintiff; his two prior actions naming the party protected by the OOP are listed as closed. *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 148 n.1 (2d Cir. 2024) ("On a motion to dismiss, a court may consider extrinsic materials if they are integral to the complaint or an appropriate subject for judicial notice. A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citations and quotation marks omitted)).

protected by the OOP.  Accordingly, the operative complaint fails to support application of the *Ex parte Young* exception to sovereign immunity.

We therefore affirm the dismissal of the remaining claims against Kessel on the basis of sovereign immunity.  However, the District Court should not have dismissed the claims barred by sovereign immunity "with prejudice."  App'x at 18.[4]  The Eleventh Amendment is a "jurisdictional bar," *Vega v. Semple*, 963 F.3d 259, 284 (2d Cir. 2020), and dismissals for lack of jurisdiction are by their nature "without prejudice," *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 91 (2d Cir. 2023).  Accordingly, we modify the Judgment dismissing Kelsey's claims against Kessel on sovereign immunity grounds to be without prejudice.

Accordingly, we **AFFIRM** the judgment of the District Court, as modified.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[4] The Appendix filed by Appellant does not include page numbers.  We accordingly use the pagination assigned by the ECF header for all references to that Appendix.